[No. 6033.]

MILLER v. THE ELECTRICAL SUPPLY AND CONSTRUCTION COMPANY.

Accord and Satisfaction—The agreement of a creditor of an insolvent firm to release one of the members thereof in consideration of his retiring from the business and giving up the salary which he has before been accustomed to withdraw from the assets of the firm, is without consideration, and not a good accord and satisfaction. The firm being insolvent, the members are not entitled to draw a salary, or make any deduction from its assets for their own account. The agreement was to the detriment rather than to the advantage of the creditor.

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. A. PONSFORD, for appellant.

Mr. JOHN H. REDDIN, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

There is no contention as to the amount of the judgment. The appellant Miller claims that he was released from his obligation to pay the debt from the firm of which he was a member under the circumstances set forth in his answer and offer of proof. The bill of exceptions contains the following:

"That the defendant, by way of confession and avoidance, introduced as witnesses George A. Urquhart and the defendant Miller," and made a formal offer to prove by them "that at some time in the month of June, 1903, the copartnership then existing

between the defendants Miller and Buchanan, was being pressed by the plaintiff for the payment of the identical account sued on herein; that Mr. Sayre of the plaintiff company then investigated the financial status of said firm and ascertained upon an examination of the books of said firm that the defendant Miller was drawing out of the business conducted by said partnership, the sum of one hundred and fifty dollars ($150.00) per month as salary, and the defendant Buchanan was drawing out of said partnership business a salary of one hundred dollars ($100.00) per month; that the volume of business conducted by said partnership did not warrant the salaries so drawn therefrom; and that a verbal agreement was then and there entered into by and between said Sayre for the plaintiff on the one part and the defendants Buchanan and Miller, on the other part, whereby, in consideration of Miller withdrawing from the business and relinquishing his salary, of which he was much in need, and whereby the business would be thus relieved from the burden of providing said salary for Miller, the plaintiff agreed to and did verbally release defendant Miller from his obligation and liability upon the indebtedness due from said copartnership to the plaintiff, and that plaintiff agreed to look exclusively to Buchanan for the payment of the same, and that in pursuance of said agreement said Miller did withdraw from said business and did relinquish his said salary."

The court sustained the objection to the offer of proof, and rendered judgment against the defendant, appellant here, in the sum of $792.15. From the judgment the defendant appeals.

The assignments relate to the action of the court in sustaining the objection to the defendant's offer of proof. We find this definition of "accord and satisfaction" in Black's dictionary:

"An agreement between two persons, one of whom has a right of action against the other, that the latter should do or give, and the former accept, something in satisfaction of the right of action different from, and usually less than, what might be legally enforced. When the agreement is executed, and satisfaction has been made, it is called 'accord and satisfaction.'"

In substance, the agreement between the representative of the company and Miller was, that in consideration of Miller's withdrawing from the firm, the company agreed to release Miller from his obligation. As Miller was receiving a salary of $150.00 a month, it is contended that the consideration on the part of Miller was the relinquishment of $150.00 salary. As the firm was insolvent, neither partner had the right to draw a salary. The entire proceeds of the firm's business should be applied to the firm's indebtedness. and it was within the power of the debtor to have brought suit at once against the firm, and to have applied all of its property to the satisfaction of the debt. In retiring from the insolvent firm, no property of Miller was given to the remaining member, for the firm had no property over and above its debts, so there was no benefit accruing to the plaintiff by Miller's retirement. The creditor was entitled, as long as Miller remained a member of the firm, to such of his services as the business required. At least, he was not permitted to withdraw a salary from the firm; so that, instead of the creditor receiving a benefit, the change was detrimental. There does not appear to have been any valid consideration for the agreement. The creditor received nothing, the debtor gave nothing. The judgment must be affirmed.                                    *Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.